IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2007

## STATE OF TENNESSEE v. MICHAEL R. KING

**Appeal from the Circuit Court for Dickson County**
**No. CR7813   George C. Sexton, Judge**

**No. M2006-01932-CCA-R3-CD - Filed September 28, 2007**

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion because I, too, conclude that the certified question does not clearly identify the scope and limits of the reserved issue. However, I disagree with the majority opinion's view of the other reasons it uses to forbid the appeal.

The record reflects that the defendant pled guilty to DUI, second offense, on July 11, 2006. On August 4, 2006, an order was filed reflecting that on July 11, the parties announced that the defendant would plead nolo contendere and that the state and the defendant "agreed in accordance with Rule 27(b)(2) of the Tennessee Rules of Criminal Procedure that the Defendant would be allowed to appeal a reserved and certified question of law that is dispositive of the case." The order decrees the following:

> [T]he following explicitly reserved question of law shall be submitted to the Tennessee Court of Criminal Appeals for determination:
>
> *Whether the trial court erred following a suppression hearing held on July 10, 2006 that the results of the Defendant's blood alcohol test may be admitted into evidence?*
>
> IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that the above-stated certified question of law has been expressly reserved by this Court with the consent of both the State of Tennessee and the Defendant.
>
> IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that this Court, the State of Tennessee, and the Defendant are of the opinion that said certified question of law is dispositive of this case,

and the defendant does not waive his right to seek review of this certified question on appeal by entering the plea of nolo contendere.

The order is signed by the trial judge and counsel for both parties.

The judgment of conviction signed by the judge and dated August 4, 2006, reflects that it was filed with the trial court clerk on August 11, 2006. It states: "Certified Question: 'Whether the trial court erred following a suppression hearing held on July 10, 2006 that the results of the Defendant's blood alcohol test may be admitted into evidence?'" I cannot believe that our system of justice requires such an adherence to form over substance as the majority opinion indicates. The certified question reservation requirements are particular, but I think the process used in this case was sufficient.

_____
JOSEPH M. TIPTON, JUDGE